**WO**  JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Herbert Becker, ) | No. CV 06-1949-PHX-SMM (HCE) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Alberto Gonzales, et al., ) | |
| Respondents. ) | |

Petitioner Michael Herbert Becker (A97-343-613), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The five dollar filing fee has been paid. An answer to the Petition will be required.

**I.     Petition**

Petitioner is a native and citizen of Germany. On June 16, 2005, an immigration judge found Petitioner removable as an alien convicted of a controlled substances offense. On November 15, 2005, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal. Petitioner alleges that his petition for review from the BIA's decision is pending in the United States Court of Appeals for the Ninth Circuit. Petitioner argues that his detention for more than eighteen months while his removal proceedings have been pending is unlawful. See Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005) ("[I]t is constitutionally doubtful that Congress may authorize imprisonment of this duration [over two years and eight months] for lawfully admitted resident aliens who are subject to removal. . . . To avoid deciding the

**TERMPSREF**

1 constitutional issue, we interpret the authority conferred by § 1226(c) as applying to
2 expedited removal of criminal aliens.").

3 The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act
4 was "not intended to 'preclude habeas review over challenges to detention that are
5 independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43
6 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah
7 v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping
8 provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not
9 involve final orders of removal."). An answer will therefore be required.

**II.    Warnings**

**A. Address Changes**

Petitioner must file and serve a notice of a change of address within ten (10) days of the date his move is effective. LRCIV 83.3(d). Petitioner must not include a request for any other relief in his notice of change of address.

**B. Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. FED. R. CIV. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. FED. R. CIV. P. 5(d). Petitioner also must submit an additional copy of every filing for use by the Court. LRCIV 5.4. The Court may strike any filing that fails to comply with these requirements.

**C. Possible dismissal**

Petitioner is warned that if he fails to timely comply with every provision of this Order, including these warnings, this action will be dismissed without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Summons, Petition and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the

1 civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of
2 the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail
3 a copy of the Summons, Petition and this Order to the United States Attorney General
4 pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2)(A).

(2) Respondent must answer the Petition within twenty (20) days of the date of service. Respondent must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(3) Petitioner may file a reply within twenty (20) days from the date of service of the answer.

(4) The matter is referred to Magistrate Judge Hector C. Estrada pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 5th day of October, 2006.

_____
Stephen M. McNamee
United States District Judge