IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Herbert Becker, | ) | No. CV 06-1949-PHX-SMM (HCE) |
| | ) | |
| Petitioner, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Alberto Gonzales; et. al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

On August 10, 2006, Petitioner Michael Herbert Becker, who is currently confined in the Eloy Detention Center in Eloy, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). On November 14, 2006, Petitioner filed a Motion for Summary Judgment. (Doc. No. 10) On November 15, 2006, Respondents filed their Response in Opposition to the Petition for Writ of Habeas Corpus. (Doc. No. 11) On December 1, 2006, Petitioner filed a Reply. (Doc. No. 12)

Pursuant to the Rules of Practice of this Court, on October 5, 2006, this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court deny Petitioner's Motion for Summary Judgment and Petition.

## I.   FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a native of Germany who was admitted to the United States on April 4, 1961 as a lawful permanent resident. (Petition, p. 2; Response, p. 2) On December 9, 2004, Petitioner was convicted in Arizona state court for the offense of Possession of Drug Paraphernalia, a class 6 felony, in violation of ARS §§ 13-3401, 13-3408, 13-3415, 13-701, 13-702.01, 13-801, and 13-901.01(A).  (Response, p. 2 & Ex. 2) On February 7, 2005, removal proceedings were instituted against Petitioner when a Notice to Appear was filed with the Immigration Court charging that Petitioner was removable as an alien having been convicted of a controlled substance offense in violation of section 237(a)(2)(B)(i) of the Immigration and Nationality Act (hereinafter "INA), 8 U.S.C. § 1227(a)(2)(B)(i). (Response p. 2 & Ex. 3)

On February 7, 2005, Petitioner was served a Notice of Custody Determination informing him that the reviewing officer had determined that Petitioner was to be detained pending a final determination by the immigration judge in Petitioner's case.  (Response, Ex. 4) Petitioner requested review of the custody determination by the immigration judge and on March 2, 2005, the immigration judge entered a form order in which he marked a box indicating that he had "[n]o Jurisdiction pursuant to 236 of the" INA.  (Id.; Response, Ex. 5)

Thereafter, Petitioner conceded before the immigration judge that he was removable as charged, but requested cancellation of removal under 8 U.S.C. § 1229b(a).  (Response, Ex. 6, 7) On June 16, 2005, the immigration judge entered a written opinion finding Petitioner removable as an alien convicted of a controlled substance offense, denied Petitioner's application for cancellation of removal, and ordered him removed to Germany. (Response, Ex. 8) Petitioner appealed this decision to the Board of Immigration Appeals (hereinafter "BIA") and on November 15, 2005 the BIA affirmed the immigration judge's decision.  (Response, pp. 3-4 & Ex. 9)

On December 6, 2005, Petitioner filed a Petition for Review with the Ninth Circuit Court of Appeals (hereinafter "Ninth Circuit").  (Response, Ex. 10)   The Ninth Circuit

entered a temporary stay of removal on December 7, 2005. *Becker v. Gonzales,* 05-76977 (9th Cir. December 7, 2005 docket entry) On January 10, 2007, the Ninth Circuit denied Petitioner's Petition for Review. *Becker v. Gonzales,* 473 F.3d 1000 (9th Cir. 2007); *see also Becker v. Gonzales,* 2007 WL 128970 (9th Cir. January 10, 2007) (unpublished decision). On March 6, 2007, the Ninth Circuit issued the mandate. *Becker v. Gonzales,* 05-76977 (9th Cir. March 6, 2007 docket entry).

## II.   DISCUSSION

### A.     Petitioner's Motion for Summary Judgment

On October 5, 2006, the District Court entered an order, *inter alia*, directing: (1) the Clerk of Court to serve by certified mail a copy of the Summons, Petition and the October 5, 2006 Order on the United States Attorney for the District of Arizona, the United States Attorney General, and Respondents; and (2) Respondents to file a Response to the Petition within 20 days of the date of service. (Doc. No. 4)

Petitioner seeks summary judgment because Respondents did not respond to his Petition by "October 25, 2006" pursuant to the Court's October 5, 2006 Order which required a Response within 20 days. (Doc. No. 10)

Petitioner is mistaken that Respondents' Response was due within 20 days of the Court's October 5, 2006 Order. Pursuant to the October 5, 2006 Order, Respondents' Response was due within 20 days of the date of service by certified mail of the Summons, Petition, and the October 5, 2006 Order upon the United States Attorney for the District of Arizona, the United States Attorney General, and Respondents. (Doc. No. 4) The record reflects that on October 30, 2006, service was completed pursuant to the October 5, 2006 Order. (Doc. Nos. 6, 7, 8, 9)[1] Within 20 days of that date, Respondents filed their November

---

[1]The record reflects that on October 6, 2006, the Clerk of Court mistakenly sent process to the *Arizona* Attorney General instead of the *United States* Attorney General. (Doc. No. 5) Thereafter, on October 24, 2006, the Clerk of Court sent process to the United States Attorney General as directed by the Court's Order. (October 24, 2006 docket entry)

15, 2006 Response in Opposition to the Petition.  Respondents having complied with the Court's October 5, 2006 Order by filing their Response to the Petition within 20 days of the completion of service, the Magistrate Judge recommends that the District Court deny Petitioner's Motion for Summary Judgment.

B.      Petitioner's Petition for Writ of Habeas Corpus

Petitioner asserts that he has been detained pursuant to 8 U.S.C. § 1226(c) since February 7, 2005 pending completion of administrative removal proceedings. (Doc. Nos. 1, 2) Petitioner argues that there is no definite termination point to the removal proceedings and requests that the Court order his immediate release from detention.  (Id.)

The apprehension, detention and release of aliens in *pending* administrative proceedings is governed by 8 U.S.C. § 1226(c).  *Demore v. Kim,* 538 U.S. 510 (2003).  After *completion* of administrative removal proceedings, the detention and release of an alien who has been ordered removed are governed by 8 U.S.C. § 1231(a).  *Id.; Zadvydas v. Davis,* 533 U.S. 678, 683 (2001) (referring to section 1231 as the "post-removal-period detention statute").  Section 1231(a)(1) provides in pertinent part:

> (A) In general
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>
> (B) Beginning of period
> The removal period begins on the latest of the following:
> (i)      The date the order of removal becomes administratively final.
> (ii)     If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii)    If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(A)-(B).

Because the Ninth Circuit has denied Petitioner's Petition for Review and entered a mandate, Petitioner's administrative removal proceeding is no longer pending thus he is no longer subject to detention under section 1226(c).  *See* 8 U.S.C. § 1231(a)(1)(B)(ii). Consequently, Petitioner's post-removal-detention period under section 1231 began on March

6, 2007, when the Ninth Circuit entered its final order in Petitioner's appeal. *See Diaz v. Gonzales,* 2007 WL 1188192 (D. Ariz. April 20, 2007) (petitioner's removal period under section 1231(a)(1) began when the Ninth Circuit entered a mandate in petitioner's appeal). Once the 90-day removal period under section 1231 commences, an alien is subject to mandatory detention until deported. *Id.* (citing 8 U.S.C. § 1231(a)(2)); *see also Zadvydas,* 533 U.S. 678. Administrative removal proceedings having concluded and a final order of removal having been entered, Petitioner no longer has a habeas remedy available to him for alleged unlawful detention under section 1226(c) during his administrative removal proceedings. *Diaz,* 2007 WL 1188192. Therefore, Petitioner's Petition must be denied.

## III.   RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court deny Petitioner's Motion for Summary Judgment (Doc. No. 10) and Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 06-1949-PHX-SMM.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 16th day of May, 2007.

_____
Héctor C. Estrada
United States Magistrate Judge